### ALVIN DEXTER *vs.* WILLIAM E. BLANCHARD.

No action lies upon an oral promise by a father to pay his minor son's debt, not contracted for necessaries, although the promise was made in consideration of the creditor's forbearing, at the father's request, to demand the same of the son.

CONTRACT brought upon an oral promise by the defendant to pay to the plaintiff a bill for the hire of horses and carriages, and for injury to a wagon.

At the trial in the superior court, before *Morton*, J., the plaintiff offered to prove that the horses and carriages were hired and the injury done by the defendant's minor son, to whom the credit therefor was given; and that not long after the date of the last charge the defendant's son became sick, and while so sick the plaintiff several times demanded payment of him, and thereupon the defendant verbally promised to pay the plaintiff's bill

if the plaintiff would not trouble his son any further; to which the plaintiff agreed. The son afterwards died. It was admitted that the bill was not for necessaries.

The judge ruled that upon these facts the action could not be maintained, and a verdict was returned accordingly for the defendant. The plaintiff alleged exceptions.

*E. L. Sherman*, for the plaintiff.

*W. Brigham*, for the defendant.

BIGELOW, C. J. The ruling of the court was in accordance with well established principles. The defendant's promise, although it may have been made on a good consideration as to the plaintiff, was nevertheless a promise to pay the debt of another, and no action can be maintained upon it. Gen. Sts. *c.* 105, § 1. The fallacy of the argument urged in behalf of the plaintiff lies in the assumption that there was in fact no debt due from the son of the defendant, because he was a minor at the time he undertook to enter into a contract with the plaintiff. A debt due from a minor is not void; it is voidable only; that is, it cannot be enforced by a suit at law against the contracting party, on plea and proof by him of infancy. But it is voidable only at the election of the infant, and until so avoided it is a valid debt. Nor can a third person avail himself of the minority of a debtor to obtain any right or security or title. Infancy is a personal privilege, of which no one can take advantage but the infant. *Kendall* v. *Lawrence*, 22 Pick. 540. *Nightingale* v. *Withington*, 15 Mass. 274. *McCarty* v. *Murray*, 3 Gray, 578.

The effect of the doctrine contended for by the counsel for the plaintiff would be that a verbal agreement to answer for the debt of another would be valid, if it could be shown that the original contracting party could have established a good defence to the debt in an action brought against him. We know of no principle or authority on which such a proposition can be maintained. It certainly would open a wide door for some of the mischiefs which the statute of frauds was designed to prevent.

The case for the plaintiff derives no support from the argument based on proof of an agreement by the plaintiff to forbear to sue the defendant's son, in consideration of the promise of

the latter to pay the debt. It is perfectly well settled that it is not a sufficient ground to prevent the operation of the statute of frauds, that the plaintiff has relinquished an advantage or given up some lien or claim in consequence of the defendant's promise, if that advantage or relinquishment did not also directly enure to the benefit of the defendant. It is only when such relinquishment or surrender operates to transfer to the defendant the right, interest or advantage which the plaintiff gives up, or to create in the defendant some title or benefit derived from that which the other party surrenders, that the promise can be re- garded as an original undertaking, and not within the statute *Curtis* v. *Brown,* 5 Cush. 488, and cases cited.

*Exceptions overruled.*